RECEIVED BY MAIL
JUL 2 0 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

BRADLEY CURTIS EGGEN,

Plaintiff,

26-cv-3349 NEB/DTS

v.

CITY OF MINNEAPOLIS;

MINNEAPOLIS POLICE DEPARTMENT;

JOHN DOE OFFICERS 1-5,

Defendants.

Case No. ____________________

(To be assigned by Clerk)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

JURY TRIAL DEMANDED

## I. INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff Bradley Curtis Eggen seeks redress for an unlawful, pretextual investigative detention, false arrest, false imprisonment without formal charges, warrantless seizure, and the subsequent gross negligence, month-long theft of his vehicle from city custody, bad-faith conversion, flagrant breach of trust, and unconstitutional liquidation of his personal property, which served as his primary mobile shelter, dwelling, and professional livelihood.

SCANNED
JUL 2 0 2026
U.S. DISTRICT COURT MPLS

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as this action is brought to redress the deprivation of federal constitutional rights under color of state law.

Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b), because all events, omissions, acts, and unconstitutional injuries giving rise to Plaintiff's claims occurred entirely within this judicial district, specifically within the City of Minneapolis, Hennepin County, Minnesota.

## III. PARTIES

Plaintiff Bradley Curtis Eggen is a natural person and a citizen of the State of Minnesota, currently enduring housing instability and utilizing the mailing address of 130 172nd Ln, Ham Lake, MN 55304. At all times relevant to this complaint, Plaintiff was unhoused and utilized his vehicle as his primary mobile dwelling and absolute shelter.

Defendant City of Minneapolis is a political subdivision and municipal corporation organized under the laws of the State of Minnesota, responsible for the oversight, training, policy-making, operational execution, and administration of the Minneapolis Police Department and its municipal impound facilities.

Defendant Minneapolis Police Department (MPD) is an agency and department of the City of Minneapolis whose officers are sworn to uphold the laws and the Constitution of the United States.

Defendants John Doe Officers 1-5 were at all times relevant to this complaint sworn law enforcement officers employed by the Minneapolis Police Department, acting under color of state law. They are sued in their individual and official capacities.

## IV. STATEMENT OF FACTS

### The Unlawful Detention and Warrantless Seizure

At all times relevant to this action, Plaintiff Bradley Curtis Eggen was the lawful owner and sole occupant of a 2000 Dodge Ram truck (VIN: 1B7KF23W7YJ149563).

Due to ongoing homelessness, Plaintiff's truck served as his constitutionally protected primary structural dwelling, mobile shelter, and physical residence.

The 2000 Dodge Ram truck possessed profound, irreplaceable sentimental value to the Plaintiff, as it was the sole remaining physical asset and legacy left to him by his deceased mother.

Contained entirely within the vehicle was the entirety of Plaintiff's worldly possessions, including professional mechanical tools necessary for his trade, economic self-sufficiency, and survival.

On March 11, 2025, Plaintiff's vehicle was legally parked, stationary, and not in active operation on any highway in Hennepin County.

Defendants John Doe Officers 1-5 targeted the stationary vehicle, traveling up a one-way street to initiate an intrusive encounter under the pretext of an administrative "Cancelled Inimical to Public Safety" (IPS) driver's license status.

Because the vehicle was parked and not in operation, and because the vehicle served as Plaintiff's primary shelter, the administrative status of a driver's license provided absolutely zero reasonable articulable suspicion or probable cause to initiate an investigative detention, a warrantless search, or an arrest.

Defying well-established constitutional boundaries, Defendant officers forced their way into the encounter, ordered Plaintiff from his home without a warrant, and subjected him to an unconstitutional search, an unlawful seizure, and a false arrest.

Coinciding with the false arrest, Defendants seized Plaintiff's 2000 Dodge Ram truck and all professional tools contained therein, stripping him of his primary means of survival and shelter.

At the time of the encounter, the Defendant officers possessed explicit, first-hand, verbal and visual knowledge—explicitly preserved on law enforcement video footage—that Plaintiff was unhoused and utilizing the vehicle as his primary dwelling.

The Gross Breach of Bailment: Theft of the Vehicle from Impound

Shortly after the initial unlawful seizure and impoundment on March 11, 2025, the Defendants committed an unconscionable breach of the constructive bailment when Plaintiff's 2000 Dodge Ram was stolen directly from the municipal impound lot. The vehicle—Plaintiff's primary dwelling—remained missing from Defendants' purportedly secure custody for approximately one month.

The stolen vehicle was eventually recovered on April 16, 2025, by the Inver Grove Heights Police Department (documented under public data request PD-2026-218). During this month-long period of unauthorized disappearance caused by the Defendants' gross negligence, widespread theft occurred, resulting in the permanent loss and disappearance of Plaintiff's vocational tools, personal property, and sentimental items contained within the vehicle.

The Prior State Action and Bad-Faith Destruction of Evidence

On April 21, 2026, Plaintiff initiated a statutory property return action in Hennepin County District Court, captioned Bradley Curtis Eggen v. City of Minneapolis, Case No. 27-CV-26-6580, before Judge Jamie L. Anderson.

During the course of the state proceedings, the Defendants disclosed video recordings and body-worn camera (BWC) footage that was selectively edited and redacted.

The available footage intentionally omitted the exact timeframes wherein Plaintiff explicitly, clearly, and on at least two separate occasions voiced his absolute objection to the unconsented, warrantless search and seizure of his vehicle. This selective omission constitutes bad faith and the spoliation of dispositive evidence to obscure the unwarranted nature of the intrusion.

Deliberate Reliance on Futile Notice and Covert Auction

Despite having direct, recorded, first-hand knowledge that Plaintiff was homeless and sheltering exclusively in his truck, the Defendants mechanically mailed statutory administrative notices under Minn. Stat. Chapter 168B to a historical address at 818 South 3rd Street—a location they knew with absolute certainty was a futile point of delivery.

Under the governing constitutional standard of Jones v. Flowers, 547 U.S. 220 (2006), when a government entity possesses actual knowledge that a mailed notice is highly unlikely to reach the property owner, blind reliance on a standard automated mailing fails the bare minimum requirements of Due Process.

Furthermore, the Defendants intentionally obscured the liquidation from the general public by placing the required auction notices exclusively within Finance & Commerce, a highly specialized, private, paid-subscription business daily with zero general consumer readership, ensuring the sale remained completely covert, clandestine, and insulated from public transparency or fair competitive bidding.

Open Defiance of Court Jurisdiction and Total Loss

Upon taking physical control of the vehicle and tools, the Defendants established a mandatory constructive bailment and public trust, creating an absolute legal obligation to preserve, safeguard, and maintain the seized property pending legal resolution.

On June 3, 2026, at 12:42 PM, Plaintiff successfully submitted an Emergency Motion to Stay the Sale via the court eFiling system under Envelope #38170988, providing the City Attorney's Office with absolute, actual electronic notice of his live objections and pending emergency litigation.

In a flagrant, willful violation of procedural Due Process and open defiance of active judicial review, the City of Minneapolis and its agents ignored the live emergency motion in the system and proceeded to execute the forced liquidation of Plaintiff's vehicle less than 24 hours later, on June 4, 2026, for the nominal sum of $500.00.

On June 30, 2026, Judge Jamie L. Anderson issued an Order Closing Case without providing the Plaintiff a meaningful opportunity to be heard or to submit written responses to the City's defenses, effectively terminating state court remedies without satisfying basic procedural protections.

The unauthorized public sale and repeated breaches of trust resulted in a permanent "total loss" of the Plaintiff's structural dwelling, professional livelihood, and sentimental maternal inheritance.

V. LEGAL CLAIMS

COUNT I: FOURTH AMENDMENT VIOLATION

(Unreasonable Search, Seizure, and False Arrest — 42 U.S.C. § 1983)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs.

32. Under the Physical Extension Argument, when a vehicle serves as an unhoused individual's sole shelter, dwelling, and refuge from the elements, it functions as a physical extension of the home, affording it the heightened sanctity and privacy protections of the Fourth Amendment against warrantless municipal intrusions.

33. Defendants John Doe Officers 1-5 violated the Fourth Amendment by executing an unlawful, warrantless investigative detention on a legally parked vehicle based on an administrative license status, conducting a warrantless search of Plaintiff's mobile dwelling, falsely arresting him without probable cause, and seizing his vehicle and tools without a warrant or applicable exception.

34. As a direct and proximate result of the Defendants' unconstitutional actions, Plaintiff suffered severe financial loss, extreme emotional distress, and the immediate, forced deprivation of his shelter.

COUNT II: FOURTEENTH AMENDMENT VIOLATION

(Deprivation of Property and Dwelling Without Due Process — 42 U.S.C. § 1983)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs.

36. The Fourteenth Amendment prohibits the State or its political subdivisions from depriving any person of life, liberty, or property without due process of law, which requires notice reasonably calculated under all circumstances to apprise interested parties of the pendency of an action.

37. Under the Performance & Maintenance Clause governing seized property, the Defendants had a strict duty to protect, preserve, and safeguard the bailed property held in their custody.

38. The Defendants committed an actionable breach of trust, gross negligence, and unlawful conversion by failing to secure the bailed property—resulting in the month-long theft of the vehicle and the permanent loss of its contents—and subsequently relying on known futile mailings to a historical address in violation of Jones v. Flowers, executing a covert auction listing in a specialized publication, and actively liquidating the mobile home and vocational tools while possessing verified electronic notice of a pending Emergency Motion to Stay under Envelope #38170988.

39. By permanently disposing of Plaintiff's mobile home and vocational tools via an unauthorized public sale to deliberately moot active court proceedings, the Defendants acted with deliberate indifference, causing an irreversible "total loss" of Plaintiff's property and dwelling without due process.

COUNT III: EIGHTH AMENDMENT VIOLATION

(Excessive Fines Clause — 42 U.S.C. § 1983)

40. Plaintiff realleges and incorporates by reference all preceding paragraphs.

41. The Eighth Amendment to the United States Constitution, as incorporated against the States through the Fourteenth Amendment, prohibits the government from imposing "excessive fines." Under Timbs v. Indiana, 139 S. Ct. 682 (2019), the protection against excessive fines is a fundamental right.

42. The seizure, retention, negligent loss, and ultimate liquidation of Plaintiff's vehicle was grossly disproportionate to any legitimate government interest or administrative infraction.

By seizing, impounding, exposing to theft, and permanently liquidating Plaintiff's primary structural dwelling, his professional tools, and a sentimental family heirloom, the Defendants utilized the forfeiture process as a punitive measure that far exceeds the scope of any lawful municipal administrative penalty.

43. The Defendants' conduct constitutes an excessive fine because the deprivation of Plaintiff's home and property is a severe, irreversible punishment that bears no rational relationship to the nature of the alleged administrative violation.

COUNT IV: FALSE ARREST AND FALSE IMPRISONMENT

(Fourth and Fourteenth Amendment Violation — 42 U.S.C. § 1983)

44. Plaintiff realleges and incorporates by reference all preceding paragraphs.

45. Defendants John Doe Officers 1-5 seized Plaintiff and held him in custody without legal authority or probable cause.

46. Plaintiff was subjected to an arrest and subsequent imprisonment despite the absence of any formal charges, citation for a criminal offense, or valid warrant.

47. The actions of the Defendants were a malicious and intentional deprivation of Plaintiff's liberty, causing him severe trauma, emotional distress, and restricted movement.

48. By detaining and imprisoning Plaintiff without due process or probable cause, Defendants violated the Fourth and Fourteenth Amendments.

VI. CONSTITUTIONAL ACCESS TO COURTS & REMOTE PROCEEDINGS CLAUSE

Due to ongoing housing instability, extreme economic hardship, and the absolute "total loss" of his primary mobile vehicle, vocational tools, and shelter caused directly by the Defendants' unlawful actions, Plaintiff lacks stable physical transportation and faces severe logistical barriers that prevent physical travel to the courthouse.

Pursuant to the principles of fundamental fairness, due process, and the constitutional right of equal access to the courts, Plaintiff formally moves and requests that all future appearances, case management conferences, and motion hearings in this matter be conducted via remote communication technology (such as Zoom or WebEx) or settled strictly via written paper-only submissions through the U.S. Mail and electronic filing

systems. Forcing physical appearance under these state-created hardships constitutes a systematic denial of a pro se litigant's right to access justice.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bradley Curtis Eggen respectfully requests that this Court enter judgment in his favor and against the Defendants, granting the following relief:

a. A declaratory judgment that the acts, policies, and practices of the Defendants violated the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and constituted an unlawful breach of trust, spoliation of evidence, and conversion of property;

b. Compensatory damages against all Defendants, jointly and severally, reflecting the "total loss" value of the 2000 Dodge Ram truck as a primary structural dwelling and sentimental family inheritance;

c. Compensatory damages for the full replacement value of all seized mechanical tools, stolen personal property, and other items permanently lost due to the Defendants' gross negligence;

d. Compensatory damages for emotional distress, pain, suffering, and the severe hardships of immediate, unsheltered homelessness caused by the breach of trust and bad-faith deprivation of notice;

e. Punitive damages against the individual John Doe Officers in their individual capacities for their reckless, malicious, and deliberately indifferent conduct;

f. Any and all other relief allowed under the Eighth Amendment for excessive fines;

g. Any such further relief as this Court deems just, proper, and equitable under equity and law; and

h. Compensatory and punitive damages for the unlawful false arrest and imprisonment of the Plaintiff without charge or legal justification.

JURY DEMAND

Plaintiff Bradley Curtis Eggen hereby demands a trial by jury on all issues and counts so triable.

Dated: July 10, 2026

Respectfully submitted,

Bradley Curtis Eggen, Pro Se

130 172nd Ln

Ham Lake, MN 55304