Filed in District Court
State of Minnesota
4/21/2026 2:51 PM

STATE OF MINNESOTA, COUNTY OF HENNEPIN

DISTRICT COURT, 4TH JUDICIAL DISTRICT

Petitioner: Bradley Eggen

vs.

Respondent: City of Minneapolis / Minneapolis Police Department (MPD)

EMERGENCY EX PARTE PETITION FOR RETURN OF PROPERTY

I. EMERGENCY STATUS

This is an Emergency Petition for the return of a primary dwelling. Petitioner is currently unsheltered. The illegal seizure and continued detention of Petitioner's primary dwelling (2000 Dodge Ram 2500) constitutes an immediate threat to life and safety during the current weather conditions.

II. JURISDICTION

This Petition is filed pursuant to Minn. Stat. § 626.04 and the 2026 protections under SF 4980 (Homeless Bill of Rights).

III. STATEMENT OF FACTS

On March 11, 2026, the subject vehicle was seized by MPD at 818 South 3rd Street (Emanuel Housing/RS EDEN) while Petitioner was occupying the vehicle as a primary dwelling.

Respondent has failed to provide a mandatory Property Receipt or Written Notice of Impoundment within 5 business days, in direct violation of Minn. Stat. § 168B.06. Respondent's failure to provide mandatory notice, Petitioner has been unable to verify the current physical location or safety of his dwelling. This lack of transparency constitutes a "vanished" asset scenario, where Respondent is effectively withholding property without a paper trail, in direct violation of due process.

**EXHIBIT 2**

The initial contact was a pretextual stop initiated by officers operating a squad vehicle against the flow of traffic on a one-way street without a bona fide emergency, in violation of Minn. Stat. § 169.03.

The vehicle was stationary and keyless at the time of seizure; no public safety threat existed.

The vehicle contains Petitioner’s only means of shelter and warmth, as well as the only access keys to Petitioner’s secondary property (Ford Crown Victoria), causing irreparable harm to Petitioner’s ability to manage his affairs.

Petitioner attempted to resolve this administratively via a formal letter to Investigation Chief Emily Olson in June 2025. As of April 13, 2026, the MPD has failed to respond.

The vehicle features a specialized, high-performance transmission with less than 500 miles of use. As the vehicle was seized while locked and stationary without access to ignition keys, any traditional "drag-tow" performed by Respondent’s agents posed a high risk of catastrophic mechanical failure to the drivetrain.

Sentimental Value and Irreparable Harm: The subject vehicle is not merely a utilitarian asset; it is a sentimental heirloom and the sole remaining material legacy of the Petitioner’s late mother. The continued detention or potential sale of this vehicle constitutes a permanent and irreparable emotional loss that cannot be remedied by monetary damages alone.

IV. COMMANDS & RELIEF REQUESTED

Petitioner moves the Court for an Emergency Order:

Commanding the immediate release of the 2000 Dodge Ram 2500 VIN: 1B7KF23W7YJ149563 and all contents within 24 hours.

Waiving all towing, storage, and administrative fees pursuant to Minn. Stat. § 168B.07 and Petitioner’s indigent status.

Ordering Respondent to deliver or tow said vehicle to 130 172nd Lane NE, Ham Lake, MN 55304 at the City’s expense due to the illegal nature of the seizure and Petitioner’s indigency.

Granting an immediate Stay of Sale to prevent the permanent loss of Petitioner’s home via unpublicized auction.

V. DECLARATION

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Date: April 13, 2026

County: Anoka State: Minnesota

Signature: /s/ Bradley C. Eggen

Address: 130 172nd Lane NE, Ham Lake, MN 55304

I

IT IS HEREBY ORDERED:

1. Immediate Release: The Respondent, City of Minneapolis, and the Minneapolis Impound Lot shall immediately release the following vehicle to Petitioner, Bradley Eggen:

2. Make/Model: 2000 Dodge Ram 2500 V10

3. VIN: 1B7KF23W7YJ149563

4. Fee Waiver: All towing, storage, and administrative fees associated with this impoundment are WAIVED in full pursuant to Minn. Stat. § 168B.07 and Petitioner’s status as a recipient of public assistance.

5. Mandatory Delivery: Due to Petitioner’s indigency and the nature of the seizure, Respondent shall deliver or tow said vehicle to 130 172nd Lane NE, Ham Lake, MN 55304 within 24 hours of service of this Order.

6. Stay of Sale: Any scheduled auction, sale, or transfer of title for the subject vehicle is hereby STAYED until further order of this Court.

7. Access to Contents: Respondent shall provide Petitioner immediate access to all personal property within the vehicle, including survival gear and keys to secondary property.

8. Administrative Reset: The Minnesota Department of Public Safety (DPS) shall reissue Petitioner’s "Support Our Troops" specialized license plates and current registration tabs for the subject vehicle at no cost to the Petitioner, this order serves to reset the vehicles administrative status to it standing prior to the March 11, 2026 incident, as the seizure was based on an unlawful pretextual stop..

9. Inspection Rights: Prior to physical release, Petitioner or a designated mechanical expert shall be permitted to conduct a non-invasive inspection of the vehicle’s drivetrain and transmission to document any damage occurring during the towing process (specifically damage resulting from towing a vehicle while in "Park" without access to keys).

10. Liability for Damages: Pursuant to Minn. Stat. § 168B.035, Subd. 3, Respondent is strictly liable for any damage caused to the vehicle or its specialized drivetrain during the unlawful seizure. Should Damage be identified, Petitioner reserves the right to seek recovery for two times the actual damages sustained pursuant to the illegal nature of the seizure.

BY THE COURT

Judge of District Court

Dated: April 13, 2026