Filed in District Court
State of Minnesota
6/3/2026 12:42 PM

STATE OF MINNESOTA
IN DISTRICT COURT
COUNTY OF HENNEPIN
FOURTH JUDICIAL DISTRICT

Bradley Curtis Eggen,
Petitioner,

v.

City of Minneapolis, Minneapolis Police Department,
Respondent.

Court File No. 27-CV-26-6580

PETITIONER'S MOTION TO VACATE THE MAY 20TH ORDER PURSUANT TO MINN. R. CIV. P. 60.02 AND EMERGENCY MOTION TO STAY SALE

I. RELIEF SOUGHT

The Petitioner, Bradley Curtis Eggen, appearing pro se and in forma pauperis, respectfully moves this Court pursuant to Minnesota Rule of Civil Procedure 60.02 to vacate its Order of Denial issued by Judge Jamie L. Anderson on May 20, 2026. Petitioner requests an immediate emergency Stay of Sale regarding his 2000 Dodge Ram 2500 (VIN: 1B7KF23W7YJ149563). This motion is brought to correct fundamental mistakes of fact, manufactured ledger balances, and unconstitutional misapplications of law regarding the penalization of indigent shelter.

II. FACTUAL ERRORS AND ARGUMENTS TO BE CORRECTED

1. Preposterous and Contradictory Financial Demands Placed Upon an Indigent Individual: Petitioner is a known indigent and homeless citizen utilizing this vehicle as his primary dwelling shelter. As documented in the City's live portal search results from June 3, 2026 (Reference files Screenshot_20260603-074940_Chrome.jpg, Screenshot_20260603-074946_Chrome.jpg, and Screenshot_20260603-074959_Chrome.jpg), the City's active ledger demands a total balance of

**EXHIBIT 6**

Filed in District Court
State of Minnesota
6/3/2026 12:42 PM

$2,267.97. This directly contradicts the prior written representations made by Assistant City Attorney Gregory Sautter, who asserted that the maximum accrued balance was $1,475.97. To demand thousands of dollars in moving-target administrative fees from an explicitly indigent citizen to reclaim his primary shelter is an unconscionable barrier to basic survival.

2. Absence of Criminal Charges to Justify Impoundment: The City's initial seizure and ongoing retention of the vehicle is entirely unsupported by any active criminal charges, citations, or underlying statutory violations. The vehicle was legally parked and actively occupied for emergency survival reasons. The permanent forfeiture and scheduled public sale of a citizen's primary residence to satisfy shifting administrative fees—in the total absence of any formal charges or adjudication of guilt—amounts to an unconstitutional seizure under the Fourth Amendment and an excessive fine under the Eighth Amendment.

3. Illogical Billing and Fees Derived from Government Negligence: The live system ledger seeks to calculate 413 days of storage totaling $7,434.00, modified by an arbitrary 324-day exclusion. Furthermore, the City previously admitted in writing (Reference file Screenshot_20260603-072934_Gmail.jpg) that a substantial portion of the fees they are demanding accrued "prior to the vehicle being stolen from the impound lot." Forcing an indigent owner to navigate contradictory, shifting balances that accumulated because the government failed to secure the vehicle while it was under their exclusive custody is a severe violation of due process.

4. Shifting the Vehicle as Inoperable Cargo Bypasses Regulatory Road Roadblocks: The Respondent's previous communication demands proof of a valid driver's license, new license plates, and active insurance as a strict prerequisite for release. However, the underlying police reports explicitly document that the vehicle is completely inoperable due to a punched ignition. Petitioner has arranged for a private hauler with a trailer to immediately remove the vehicle from the facility. Because the vehicle will leave the impound lot strictly as towed cargo on a private trailer—and will not be operated on public roadways—the City's demands for active road insurance, valid tags, and an active driver's license are legally inapplicable and serve only as bad-faith barriers to prevent an indigent citizen from recovering his property.

5. Immediate Private Removal Mitigates Ongoing Storage Liability: Petitioner stands ready to execute the immediate removal of his primary shelter via private transport the moment this Court

orders a graced immediate release. This completely eliminates any threat of ongoing storage liabilities, logistics burdens on the Minneapolis Impound Lot, or public roadway disruption, satisfying the intent of mitigating administrative enforcement while protecting Petitioner's fundamental right to survival shelter.

6. Respondent's Written Admission of Defective Communication: In an email dated May 4, 2026 (Reference file Screenshot_20260603-073210_Gmail.jpg), Assistant City Attorney Gregory Sautter explicitly stated that he utilized email because it "appears to be the most reliable means of communication with Mr. Eggen." This is a direct admission that the City's traditional physical mailings—sent to a wrong address in Stacy, MN and returned stamped "undeliverable"—were completely ineffective. Shifting the burden of notice failures onto a homeless individual violates basic notice standards.

7. Violation of Statutory Protections for Homeless Cargo and Shelter: Under Minn. Stat. § 168B.07, Subd. 3, an unencumbered right exists for homeless individuals to retrieve the contents of their vehicles without charge. By seeking to permanently auction the vehicle and everything within it to satisfy an unverified, conflicting fee balance, the City is actively trying to bypass the absolute statutory protections Minnesota grants to the survival cargo and primary shelter of unhoused individuals.

## III. CONCLUSION

To prevent a manifest injustice and the permanent, unconstitutional deprivation of an indigent citizen's primary shelter without underlying charges or completed statutory notice, the Court must vacate the May 20, 2026 Order, issue an immediate Stay of Sale, and order the immediate return of the vehicle.

Dated: June 3, 2026

Respectfully submitted,

________________________________

Bradley Eggen, Pro Se