Filed in District Court
State of Minnesota
6/11/2026 11:18 PM

STATE OF MINNESOTA
COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT
DISTRICT COURT

Court File No. 27-CV-26-6580
Judge: Jamie L. Anderson

Bradley Curtis Eggen,
Petitioner,

vs.

City of Minneapolis,
Respondent.

PETITIONER'S WRITTEN OBJECTION TO NOTICE OF SALE, MOTION FOR CONTEMPT AND SANCTIONS, AND REQUEST FOR DECISION WITHOUT ORAL ARGUMENT

***

I. THE "DAY BEFORE" NOTICE AND INTENTIONAL DEFAULT

1. Petitioner Bradley Curtis Eggen formally objects to the Respondent's Notice of Sale filed on June 9, 2026. The Respondent's liquidation of the property underlying this lawsuit was executed with full, actual malice and advance notice.

1.a. On May 5, 2026, this Court issued an order conditioning the freeze of fees on an impossible financial payment of $1,475.97 by May 15, 2026, which the Court and Respondent knew the indigent, homeless Petitioner physically did not possess.

1.b. An active, time-stamped filing from Petitioner was sitting directly on Judge Anderson's desk the day before the City executed the auction on June 4, 2026. The Respondent was fully informed that the property was actively daily contested, yet rushed the sale for a predatory valuation of $500.00 to force a systematic procedural default.

***

II. RECOVERY OF COMPREHENSIVE CONSEQUENTIAL DAMAGES

2. The City's warrantless seizure in March 2025 and subsequent liquidation of the vehicle did not merely destroy an asset; it systematically dismantled Petitioner's entire life, generating massive civil liabilities that Petitioner explicitly preserves to litigate fully.

**EXHIBIT 8**

Filed in District Court
State of Minnesota
6/11/2026 11:18 PM

2.a. Loss of Primary Shelter: The 2000 Dodge Ram 2500 served as Petitioner's constitutional dwelling. By taking it and keeping it for over a year, the City directly forced Petitioner into unsheltered homelessness, forcing him to scrounge for survival housing and weather extreme Minnesota cold, wind, and rain outdoors, causing severe physical and mental degradation.

2.b. Loss of Transportation and Potential Wages: The vehicle contained Petitioner's mechanical tools and provided his sole means of mobility. The illegal holding and eventual sale of these tools completely stripped Petitioner of his livelihood, rendering the City liable for full lost potential wages for every single day Petitioner was stranded without his trade gear.

3. Breach of Implied Bailment (Stolen Property): While the vehicle was in the mandatory custody, care, and safekeeping of the City's impound lot, the truck was severely compromised, broken into, and Petitioner's personal belongings and tools were stolen. The Respondent completely breached its legal duty of care as a bailee, invalidating any administrative claim to storage fees and rendering them fully liable for the replacement cost of all stolen property.

***

III. REMEDIES SOUGHT & ABSENCE OF HEARING

4. Petitioner demands that this Court find the Respondent in Constructive Civil Contempt, void the June 4, 2026 sale as a violation of Due Process, and order full compensatory tort damages for the fair market value of the customized truck, the replacement cost of all stolen tools, and heavy financial sanctions for the forced homelessness.

5. REQUEST FOR DECISION ON THE WRITTEN RECORD: Pursuant to Minnesota judicial administration standards for pro se litigants, Petitioner formally requests that this Motion be reviewed and decided strictly on the written pleadings submitted. Petitioner does not waive any rights, completely objects to any face-to-face or in-person oral arguments, and demands the Court issue its order based solely on the evidence and text filed herein.

Dated: June 12, 2026

Respectfully submitted,

______________________________
/s/Bradley Curtis Eggen, Petitioner
Ham Lake, Minnesota