Filed in District Court
State of Minnesota
6/29/2026 10:20 AM

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |
| **Bradley Curtis Eggen,** | **Case Type: Minn. Stat. 626.04 Action** |
| **Plaintiff,** | **Court File No.: 27-CV-26-6580** |
| **v.** | |
| **City of Minneapolis, Minneapolis Police Department** | **MEMORANDUM OF THE CITY OF MINNEAPOLIS DEFENDANTS IN OPPOSITIOIN TO PLAINTIFF'S MOTION FOR SANCTIONS** |
| **Defendants.** | |

INTRODUCTION

The Court should deny Plaintiff's demand for a contempt finding and the awarding of damages in excess of $50,000.00 for the impound lot's sale of his vehicle. The City followed all court orders and statutory processes, and was under no obligation to delay the sale at the time it was completed.

PROCEDRUAL AND FACTUAL RECORD

This matter is now closed, by order of the Court. On April 21, 2026, Plaintiff brought this action under Minn. Stat. §626.04 for return of his vehicle from the Minneapolis Impound Lot. Index #1. He sought both return of the vehicle, and a court ordered waiver of fees associated with the vehicle's impoundment. Index #1. Due to an approaching auction date, the Court, ordered a hearing on May 5, 2026, and heard the parties positions. Index #15. At the hearing, the Court issued an order orally, and then followed up with a written order directing that the City hold the vehicle until at least May 15, 2026, and prohibiting auction of it before that date. Index #15. It instructed that the City shall return the vehicle to Plaintiff, if he paid the amount of $1,475.97 on or before that date, and other requirements. *Id.* Mr. Eggen did not redeem his vehicle.

**EXHIBIT 10**

On May 15, 2026, Mr. Eggen brought an motion to stay the sale and vacate the judgment. Index No. 16. In that handwritten motion, Plaintiff specifically moved "to stay the sale of [sic] June 4th auction of my vehicle." Mr. Eggen, clearly had actual notice of the June 4, 2026, auction of his vehicle. On May 20, 2026, the Court issued an order denying the motion. Index No. 22

On June 3, 2026, Mr. Eggen brought a new motion seeking to stay the June 4, 2026 auction of his vehicle and to vacate the May 5, 2026 order closing the case. Index No. 23. The Court did not issue an order, and on June 4, 2026, the vehicle was sold at auction, for $500.00. Index No. 37.

Unsatisfied with the sale of his vehicle after he brought a second, and almost identical motion to stay and vacate, Mr. Eggen now brings a motion for sanctions against Minneapolis, claiming that he is entitled to $51,240.56.

## ARGUMENT

### I. The City acted within its authority when it auctioned the vehicle, no sanctions are appropriate.

> District courts possess inherent authority to impose sanctions as necessary to protect their "vital function—the disposition of individual cases to deliver remedies for wrongs and justice freely and without purchase; completely and without denial; promptly and without delay, conformable to the laws."

*State by Cunningham v. Iron Waffle Coffee Co. LLC*, 990 N.W.2d 513, 521 (Minn. Ct. App. 2023) quoting *Patton v. Newmar Corp.*, 538 N.W.2d 116, 118 (Minn. 1995). "Civil contempt ... is failing to obey a court order in favor of the opposing party in a civil proceeding." *Newstrand v. Arend,* 869 N.W.2d 681, 692 (Minn. Ct. App. 2015) quoting *Minn. State Bar Ass'n v. Divorce Assistance Ass'n, Inc.,* 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976). Contempt is an "extreme remedy" that must be "must be exercised with caution." *Newstrand v. Arend*, 869 N.W.2d 681, 692 (Minn. Ct. App. 2015). Civil contempt is forward looking, used to compel future performance, not to

punish past behavior. *Meyer v. Meyer*, 492 N.W.2d 272, 273 (Minn. Ct. App. 1992). "[O]ne essential prerequisite is that the prior decree or order of a court sought to be enforced by contempt must clearly define the acts to be performed by the alleged contemnor." *Sehlstrom v. Sehlstrom*, 925 N.W.2d 233, 239 (Minn. 2019)(quotation omitted)

"In exercising civil contempt powers ..., the only objective is to secure compliance with an order presumed to be reasonable." *Newstrand v. Arend*, 869 N.W.2d 681, 692 (Minn. Ct. App. 2015) *quoting Hopp v. Hopp*, 156 N.W.2d 212, 216 (Minn. 1968).

> [A] civil contempt proceeding must meet the following minimum requirements:
>
> (1) the court has jurisdiction over the subject matter and the person;
> (2) a clear definition of the acts to be performed;
> (3) notice of the acts to be performed and a reasonable time within which to comply;
> (4) an application by the party seeking enforcement giving specific grounds for complaint;
> (5) a hearing, after due notice, to give the nonperforming party an opportunity to show compliance or the reasons for failure;
> (6) a formal determination by the court of failure to comply and, if so, whether conditional confinement will aid compliance;
> (7) an opportunity for the nonperforming party to show inability to comply despite a good faith effort; and
> (8) the contemnor's ability to gain release through compliance or a good faith effort to comply.

*Mower Cnty. Hum. Servs. on Behalf of Swancutt v. Swancutt*, 551 N.W.2d 219, 223 (Minn. 1996)(discussing the *Hopp v Hopp* factors)

None of these factors apply to the City's sale of the vehicle. The applicable court order was that the sale was authorized on a date after May 15, 2026. Index No. 15. Mr. Eggen challenged that order, and on May 20, 2026, the Court denied the motion to disturb its May 5, 2026 order. Index No. 20.

There was no applicable court order to stay the sale in place on June 4, 2026, at the time of the auction. In fact, the relevant court order authorized the sale on any date after May 15, 2026. Index No. 15. Plaintiff's motion to stay the sale on June 3, 2026, was not an order for the Court, and created no enforceable obligation for the City to stay its action. In fact, the June 3, 2026 motion was an effective repeat of the earlier motion to stay and overturn the Court's May 5, 2026 order.

Contrary to his allegations otherwise, Mr. Eggen had actual notice of the Minn. Stat. §168B.08 auction on June 4, 2026. His handwritten motion to stay, filed on May 15, 2026, twice stated that the auction for sale was scheduled for June 4, 2026. Index No. 16.

Without a court order prohibiting the auction that had been noticed for June 4, 2026, there can be no contempt. As such, the motion for contempt should be denied.

## II. There is no liability under Minn. Stat. §604.14

> A person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater. If the property is merchandise stolen from a retail store, its value is the retail price of the merchandise in the store when the theft occurred.

Minn. Stat. Ann. § 604.14. "Under Minnesota law, conversion is defined as an act of willful interference with the personal property of another which is without justification or which is inconsistent with the rights of the person entitled to the use, possession or ownership of the property." *Bloom v. Hennepin Cnty.*, 783 F. Supp. 418, 440 (D. Minn. 1992).

Here, no conversion occurred. In fact, as the Court determined on May 5, 2026, the City had a right pursuant to Minn. Stat. §168B.08 to sell the vehicle at auction, if he did not pay the requisite storage and towing fees. Index No. 15. Mr. Eggen never paid the fees, instead, he twice brought motions to overturn the Court's ruling, and stay the June 4, 2026 auction. Index Nos. 16

and 23. On May 20, 2026, the Court issued its order denying the first motion. Index No. 20. As of that date, the Impound Lot had a statutory right under Minn. Stat. §168B.08 to sell the vehicle on the date it had provided Mr. Eggen Notice of Sale, June 4, 2026. And it did. As it had a right to make the sale, no conversion occurred.

**II. Mr. Eggen has no right to the proceeds of the sale.**

The impound lot sold the vehicle for $500.00 at an auction held on June 4, 2026. Index No. 37. Under Minn. Stat. §168B.08,

> [T]he unit of government shall reimburse itself for the cost of towing, preserving and storing the vehicle, and all administrative, notice and publication costs incurred in handling the vehicle pursuant to sections 168B.01 to 168B.101. Any remainder from the proceeds of a sale shall be held for the owner of the vehicle or entitled lienholder for 90 days and then shall be deposited in the treasury of the unit of government.

Minn. Stat. Ann. § 168B.08. At hearing, the Court determined that, at a minimum, the City was entitled to $1,475.97, when it ordered Mr. Eggen to pay that amount on or before May 15, 2026, in order to recover the vehicle. Index No. 15. Thus, with only recovering $500.00, through auction, there are no excess proceeds to provide Plaintiff.

## CONCLUSION

This matter was closed on May 5, 2026, and Plaintiff's attempt to reopen it on May 15, 2026, was denied by the Court on May 20, 2026. Plaintiff's second, emergency motion to stay the auction, made on the eve of the auction, did not create a duty or burden for the City to cease the auction again. There was no contempt by the City, and no civil conversion of property. This motion should be denied.

Filed in District Court
State of Minnesota
6/29/2026 10:20 AM

Dated: June 29, 2026

KRISTYN ANDERSON
City Attorney
By

*s/GregoryPSautter*
GREGORY P. SAUTTER
Assistant City Attorney
Attorney Reg No. 326446
Attorneys for Defendants
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN 55415
(612) 673-2683

*Attorneys for Respondent City of Minneapolis*