Filed in District Court
State of Minnesota
6/30/2026 7:31 PM

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

---

Bradley Curtis Eggen

v.

City of Minneapolis, Minneapolis Police Department.

**ORDER**

Court File No. 27-CV-26-6580

---

This matter came before the undersigned judge in chambers.

Mr. Eggen continues to file many documents, including a motion to vacate pursuant to Rule 60.02, an objection to notice of sale and notice of service of discovery request.

The Court makes the following:

**ORDER**

1. Mr. Eggen's motion to vacate is denied.
2. Mr. Eggen's objection to notice of sale is denied as moot.
3. Petitioner has no right to discovery because this case has been finally resolved. Respondent need not respond to discovery requests.
4. The attached memorandum is incorporated herein.
5. This case is closed and the Court will consider no additional filings.

BY THE COURT:

DATE: June 30, 2026

Jamie L. Anderson

**EXHIBIT 11**

**MEMORANDUM**

After a hearing, the Court issued an Order allowing Petitioner to tow the 2000 Dodge Ram in question away from the impound lot upon paying $1,475.97 and showing proof of title and proof of insurance. (Dkt. 15 at 1). The Order went on to say that if Mr. Eggen failed to retrieve the vehicle by the end of business on May 15, 2026, the City was free to reschedule the sale of the vehicle. (*Id.* at 2).

On May 15, 2026, Mr. Eggen filed another emergency motion, which the Court denied in an Order issued May 20, 2026. (Dkt. 16; Dkt. 22).

On June 3, 2026, Mr. Eggen filed a motion to vacate the May 20, 2026, Order. (Dkt. 23). There is no affidavit of service filed, so the Court has no evidence the City received the motion papers. Mr. Eggen did not contact the Court to schedule a hearing.

On June 9, 2026, the City filed a letter stating that the vehicle was sold at auction on June 4, 2026. (Dkt. 37). That letter was served on Mr. Eggen via U.S. Mail on June 10, 2026. (Dkt. 40).

<u>Rule 60 and *Finden*</u>

A motion to vacate final judgment may be granted for several reasons including "excusable neglect… [or a]ny other reason justifying relief from operation of the judgment." Minn. R. Civ. P. 60.02 (a), (f). The Minnesota Supreme Court has detailed the factors the Court should consider before granting relief under Rule 60. *Finden v. Klaas*, 128 N.W.2d 748 (1964). Courts should grant relief only where the moving party has a reasonable defense on the merits, has a reasonable excuse for the failure or neglect to answer, has acted with due diligence after notice of the entry of judgment, and shows that no substantial prejudice will result to the other party. *Id.* at 750. After *Finden*, the Minnesota Supreme Court clarified that parties must satisfy all four of these factors in

order to justify relief under Rule 60. *Gams v. Houghton*, 884 N.W.2d 611, 619 (Minn. 2016) (quoting *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487 (Minn. 1997)).

Mr. Eggen was given an opportunity to be heard on his original Petition and the Court ruled that the vehicle be released to him under certain terms. Such terms were not met and the vehicle was sold at auction approximately three weeks later. Mr. Eggen's motion fails on two of the *Finden* factors: he does not have a reasonable defense on the merits and he has not shown that no substantial prejudice will result to the other party.

*Petitioner does not have a reasonable defense on the merits.*

"Under the *Finden* analysis, a debatably meritorious claim is one that, if established at trial, presents a cognizable claim for relief." *Cole v. Wutzke*, 884 N.W.2d 634, 638 (Minn. 2016). The movant also "must provide 'specific information' that clearly demonstrates the existence of the debatably meritorious claim." *Id.* (citing *Charson v. Temple Israel*, 419 N.W.2d 488 (Minn. 1988)). Conclusory allegations in moving papers are insufficient to satisfy the meritorious claim element. *Id.*

Petitioner's filings rely on several claims. First, he argues that because he is indigent and homeless and was living in his vehicle, the amount of money required to get the vehicle out of impoundment was "unconscionable." (Dkt. 23, ¶ 1). However, the funds required were less than initially claimed by the City and at the hearing last month, Petitioner told the Court he would be able to gather the funds to get the vehicle out. The fact that he claims to be indigent does not change the amount owed for impoundment. Indigency does not give a person the right to get their vehicle out of impoundment for free or a reduced rate.

Second, Petitioner claims the vehicle was wrongfully impounded because no criminal charges resulted. (*Id*., at ¶ 2). However, the law does not preclude impounding the vehicle for investigation. And, when the City determined the vehicle was no longer part of an active investigation, it agreed to release the vehicle.

Third, Petitioner claims "illogical billing and fees" but the Court has no evidence of that and therefore rejects the vague arguement. (*Id*., at ¶ 3).

Fourth, Petitioner claims the required proof of title and insurance are "legally inapplicable." (*Id.* at ¶ 4). The Court ordered those two things in its first order to prove that Petitioner is the rightful owner of the vehicle before taking it. The driver's license was not required if it was being towed, but some form of identification to confirm Petitioner is the person named on the title is an appropriate request and not unnecessarily burdensome.

Fifth, Petitioner claims the City's communication with him via email was "ineffective" service. (*Id.* at ¶ 6). The City is free to communicate with Petitioner via email and formal service pursuant to the rules is not required for communication during a dispute.

Finally, Petitioner claims the City violated the law by not allowing him to retrieve the contents of his vehicle. (*Id.* at ¶ 7). However, there has not been a dispute before this Court about the contents inside the vehicle, but rather the vehicle itself. Again, indigency or homelessness does not preclude the City from impounding an individual's vehicle.

*The City will be substantially prejudiced if the motion was granted.*

Simply, the City has already rightfully sold the vehicle at auction. To require the City to track down the vehicle from the purchaser and attempt to negate the purchase will substantially prejudice the City.

Filed in District Court
State of Minnesota
6/30/2026 7:31 PM

Conclusion

Because Petitioner cannot satisfy the Finden factors, the motion must be denied.

- *jla*